Good morning. The first case this morning is in re the Marriage of Downer and Downer. Let's see, we've got, who's here for the appellee? And we've got waived on the appellants. We did? Yeah, I just noticed that too. Do you wish to also waive or would you like to proceed with an argument this morning? I would like to proceed with a brief argument. You are welcome to do so. Please approach and begin when you're ready. For quick reference, Your Honor, my name is Aaron Carnine. I represent Lisa Downer, the wife. I will refer to her as the wife. For a quick frame of reference, the party is married in 1996. Judgment for disillusion in early 2011. The purpose of the appeal was property issues only. The initial odd thing in this appeal is that the appellants, the husband, never filed the transcript of the proceedings. So I was faced with crafting my brief to accommodate that eventuality. So my brief actually mentions that. The argument portion of my brief actually says that this is my overriding theme throughout the argument. So therefore, for quick reference with respect to the fact that the transcript was not provided. And by the way, I did on January 13, 2012, I actually filed a motion to dismiss because the transcript had not been filed. This court allowed additional time. The transcript still was not filed. I did mention at the end of my brief and in that particular motion a request for attorney's fees for that purpose. So for quick reference with respect to the testimony issue, my first request is that this court denies the appeal because there's simply no testimony exists because the transcript doesn't exist. For quick reference in the argument section of the husband's brief at page 14, nearly each sentence references testimony. Quotes ample testimony. Quote, testimony testifies, this testimony. Each subcategory of the argument notes, and I'm quoting, in the record, end quote, testimony, end quote. Person offered no explanation, end quote. Claimed dissipation, et cetera. And his essential four pages of argument relies upon the record, which does not exist. So for that first reason, I'd ask that the appeal, that his appeal be denied. Secondly, and with respect to the merits, I will go through that very quickly should the court decide otherwise, this is a divorce case. The husband is asking the court to reconsider various property issues. They asked the court to reconsider three particular property issues, a 401K, an IMG segment account, and a four-week. My quick response to that is contained in my brief, and I'm not going to add much to that now since I'm here without a transcript and without an oral argument opponent. Obviously, my theme with respect to the disillusion is credibility of the witnesses, what the court heard, what the court decided. For quick reference, on my brief, at page 8, I provided a table of what the court decided, the values of various items that the court signed back and forth, and the total of those items assigned to each person. The end of the story is each party was assigned a similar amount of money. As another quick reference for you, the husband's brief says that wife was awarded the house and then makes the claim that that equates to 67% of the estate. Their own brief does not happen to mention that wife was awarded the debt for the house as well, which means that the house is worth about $12,000 net. So the brief of the husband picks a couple of assets, compares them, and doesn't pay attention to the rest of the assets that the court either did or did not consider. For example, wife asked for attorney's fees in the trial court. We did not get it. We asked for transfer of various items of personal property from the husband to the wife so that we could sell them to pay off debts. We were denied that. There was a Social Security issue because the child involved was receiving Social Security. We asked for an equalization of that. That was denied. We asked for a consideration of the fact that wife had paid debts during the separation. We asked for a consideration for the fact that the wife had paid health insurance during the separation. Frankly, I don't know whether the court denied it or not, but the presumption is that the court considered all of those things and came up with its final suggestion as is noted in its judgment. Specifically, the term dissipation is used by the husband, and the suggestion is that if the court decided that a particular element was dissipation, then the court should have noted that and should have made accommodation for a claim of dissipation. My response to that specific argument is that the judgment itself never mentions dissipation, and in fact, it specifically says when it is dividing up various items of property that they are part of the total property selling. The husband's petition also said that there was a 401k issue, and I think this probably might be the most reasonable, the best issue that the other side has, frankly, that they said there was a 401k issue, was it non-marital or not. The court should have decided whether it was non-marital and then signed it. Even if the other side is correct that the judgment doesn't mention the 401k. In fact, it's hard to mention it at all anyway. I think the only mention of it is in our financial affidavit that we filed two years ago that did not have a value of it. My response to that is the case that was mentioned by the husband indicated that, insinuated that there was some kind of argument with respect to whether a piece of property is marital or non-marital. I acknowledge that there was no response made in the judgment, but the other side can't claim that that was or was not even an issue in the first place in the trial court because no transcript exists. They themselves do reference ample testimony was heard about the 401k. My response is, well, just simply cannot make that argument anymore because the transcript is not here. So I do recognize the 401k issue, and I think that's really the only one that might make any valid claim in this circumstance. Frankly, the only other thing that is mentioned in their brief is a four-wheeler, and I'm not going to address that specifically because of the totality of this disillusion with the property and debts. We had personal property appraisals that had numbers in the $20,000 range. So with that, that's the end of my argument. I request that this court deny the appeal, and I request that the extension court wishes to consider our own attorney's fees. So that's all I have unless there are any questions. No, thank you for appearing this morning. We'll take the matter under advisement and provide you with a decision. Thank you.